UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

     v.                                        **DECISION AND ORDER**
                                               17-CR-18S

TROY M. MALECKI,

                    Defendant.

## I. INTRODUCTION

Presently before this Court is Defendant Troy M. Malecki's *pro se* Motion for Compassionate Release, which the government opposes. See 18 U.S.C. § 3582 (c)(1)(A). For the reasons discussed below, Malecki's motion is denied.

## II. BACKGROUND

On February 1, 2017, Malecki pleaded guilty to possessing child pornography involving a prepubescent minor, in violation of 18 U.S.C. §§ 2252A (a)(5)(B) and 2252A (b)(2). (Docket Nos. 12, 13.) Several months later, on June 12, 2017, this Court sentenced Malecki to 60 months' imprisonment, 5 years' supervised release, a $100 special assessment, and no fine, fees or costs, which was a sentence below the recommended guideline range of 78-97 months' imprisonment. (Docket Nos. 30, 33.) Malecki is presently serving his sentence at FCI Elkton, with a release date of September 13, 2021.[1]

On May 26, 2020, Malecki filed a *pro se* motion for compassionate release under

---

[1] See https://www.bop.gov/inmateloc/ (last visited July 15, 2020).

18 U.S.C. § 3582 (c)(1)(A)(i).  (Docket Nos. 35, 41.)  He contends that such relief is warranted because he is at heightened risk to develop complications from future versions of COVID-19 or a new coronavirus while incarcerated.  The government opposes the motion.  (Docket No. 40.)

### III. DISCUSSION

**A.     Compassionate Release under 18 U.S.C. § 3582 (c)(1)(A)(i)**

"A court may not modify a term of imprisonment once it has been imposed except pursuant to statute."  United States v. Gotti, 433 F. Supp. 3d 613, 614 (S.D.N.Y. 2020).  One such statute is 18 U.S.C. § 3582 (c)(1)(A)(i) which, as amended by the First Step Act of 2018,[2] provides as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553 (a) to the extent that they are applicable, if it finds that—(i) extraordinary and compelling reasons warrant such a reduction; . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The defendant carries the burden of showing that he or she is entitled to a sentence

---

[2] Congress amended 18 U.S.C. § 3582 (c)(1)(A) in the First Step Act of 2018 to allow prisoners to bring their own motions for compassionate release after proper exhaustion.  See Pub. L. No. 115-391, 132 Stat. 5194, 5222 (2018).  The previous version of the statute permitted only the Bureau of Prisons to bring compassionate-release motions.  See, e.g., United States v. Monzon, No. 99 Cr. 157, 2020 WL 550220, at *1 n.1 (S.D.N.Y. Feb. 4, 2020) (explaining the First Step Act amendment); United States v. Gotti, 433 F. Supp. 3d 613, 614-15 (S.D.N.Y. 2020) (same).

reduction under the statute. See United States v. Ebbers, 432 F. Supp. 3d 421, 426-27 (S.D.N.Y. 2020). A defendant proceeding on his or her own motion may meet that burden by demonstrating (1) that he or she satisfied the statutory exhaustion requirement, (2) that extraordinary and compelling reasons exist for a sentence reduction, and (3) that a sentence reduction is consistent with the applicable Sentencing Guidelines provisions. See 18 U.S.C. § 3582 (c)(1)(A)(i); United States v. Perez, 17 Cr. 513-3 (AT), 2020 WL 1546422, at *2 (S.D.N.Y. Apr. 1, 2020). If the court finds, after consideration of the applicable 18 U.S.C. § 3553 (a) factors, that the defendant has met this burden, it may reduce the defendant's sentence under the statute. See 18 U.S.C. § 3582 (c)(1)(A)(i); see also United States v. Gileno, No. 3:19-CR-161-(VAB)-1, 2020 WL 1307108, at *1-2 (D. Conn. Mar. 19, 2020).

The statutory exhaustion requirement is mandatory and "must be strictly enforced." United States v. Monzon, No. 99 Cr. 157, 2020 WL 550220, at *2 (S.D.N.Y. Feb. 4, 2020) (citing Theodoropoulos v. I.N.S., 358 F.3d 162, 172 (2d Cir. 2004)); United States v. Cassidy, 17-CR-116S, 2020 WL 1969303, at *3-8 (W.D.N.Y. Apr. 24, 2020) (finding exhaustion mandatory). The exhaustion requirement is met when the earlier of two circumstances occurs: (1) the defendant fully exhausts all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion to modify an imposed term of imprisonment on his or her behalf, [3] or (2) 30 days lapse from the date the warden of the

---

[3] The Scparta court explained the administrative process before the Bureau of Prisons as follows:

> First, an inmate must request the warden of her facility to file a compassionate-release motion on her behalf. 28 C.F.R. § 571.61 (a). Second, if the warden denies the prisoner's request, she has 20 days to appeal to the BOP's Regional Director. Id. § 571.63 (a) (providing that denials of compassionate-release requests are governed by the BOP's general Administrative Remedy Program, contained in 28 C.F.R. §§ 542.10-542.19); id. § 542.15 (a) ("An inmate who is not satisfied with the

3

defendant's facility receives the defendant's request to file such a motion on his or her behalf.  See 18 U.S.C. § 3582 (c)(1)(A).

Congress delegated to the Sentencing Commission the task of "describ[ing] what should be considered extraordinary and compelling reasons for sentence reduction" under 18 U.S.C. § 3582 (c)(1)(A)(i).  See 28 U.S.C. § 994 (t).  The Commission, in turn, promulgated a Policy Statement concerning sentence reductions under 18 U.S.C. § 3582 (c)(1)(A) in § 1B1.13 of the United States Sentencing Guidelines.  The Commentary to that section contains four examples of circumstances that constitute "extraordinary and compelling reasons" for a sentence reduction:  "Medical Condition of the Defendant"; "Age of the Defendant"; "Family Circumstances"; and "Other Reasons".  See U.S.S.G. § 1B1.13.

At issue here are the "Medical Condition of the Defendant" and "Other Reasons" examples.  The "Medical Condition of the Defendant" example provides as follows:

> Medical Condition of the Defendant—
>
> (i)  The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory).  A specific prognosis of life expectancy (*i.e.*, a probability of death within a specific time period) is not required.  Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease

---

Warden's response may submit an Appeal on the appropriate form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response.").  Third, if the Regional Director denies the prisoner's request, she then has 30 days to appeal to the BOP General Counsel.  Id. § 542.15 (a).  A decision from the General Counsel is the final step in the BOP's Administrative Remedy Program, id., and therefore "constitutes a final administrative decision," id. § 571.63 (b).

United States v. Scparta, 18-cr-578 (AJN), 2020 WL 1910481, at *7 (S.D.N.Y. Apr. 20, 2020).

> and advanced dementia.
>
> (ii) The defendant is—
>
> (I) suffering from a serious physical or medical condition,
>
> (II) suffering from a serious functional or cognitive impairment, or
>
> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13 comment n. 1 (A).

The "Other Reasons" example is a catch-all provision encompassing "an extraordinary and compelling reason other than, or in combination with, the [other] reasons described."[4] Id. n. 1 (D).

As it relates to the requirement that a sentence reduction be consistent with the applicable Sentencing Guidelines provisions, U.S.S.G. § 1B1.13 is once again the relevant provision. It provides that a court may reduce a sentence if, after consideration of the 18 U.S.C. § 3553 (a) factors, it determines that

> (1) (A) extraordinary and compelling reasons warrant the

---

[4] The Bureau of Prisons has implemented a Program Statement to guide its own implementation of 18 U.S.C. § 3582 (c)(1)(A). See Bureau of Prisons Program Statement 5050.50, eff. January 17, 2019 (available at https://www.bop.gov/PublicInfo/execute/policysearch?todo=query# (last visited June 17, 2020)). This Court assumes without deciding that this Program Statement is non-binding as it relates to the "Other Reasons" provision of U.S.S.G. § 1B1.13 comment n. 1 (D), and that it is therefore not constrained by what the Director of the Bureau of Prisons might consider other extraordinary and compelling reasons for sentence reduction. See, e.g., United States v. Marks, 03-CR-6033L, 2020 WL 1908911, at *5-7 (W.D.N.Y. Apr. 20, 2020) (finding that post-First Step Act, district courts are no longer bound by the specific categories warranting sentence reduction identified by the Sentencing Commission in U.S.S.G. § 1B1.13, including affording any deference to the Director for purposes of U.S.S.G. § 1B1.13 comment n. 1 (D) ("Other Reasons")).

> reduction; or
>
> (B) the defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559 (c) for the offense or offenses for which the defendant is imprisoned;
>
> (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142 (g); and
>
> (3) the reduction is consistent with this policy statement.

See U.S.S.G. § 1B1.13.

Finally, district courts have broad discretion in deciding whether to grant or deny motions for sentence reduction. See Gileno, 2020 WL 1307108, at *2.

**B.     Malecki's Motion for Compassionate Release**

   **1.  Exhaustion of Administrative Rights**

As indicated above, 18 U.S.C. § 3582 (c)(1)(A) contains a threshold exhaustion requirement. To satisfy this requirement, a defendant must demonstrate that either (1) he or she fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion to modify an imposed term of imprisonment on his or her behalf, or (2) 30 days have lapsed from the date the warden of the defendant's facility received the defendant's request to file such a motion on his or her behalf. See 18 U.S.C. § 3582 (c)(1)(A).

For reasons discussed at length in two previous decisions (fully incorporated herein), this Court has found that the statutory exhaustion requirement is mandatory and cannot be excused. See Cassidy, 2020 WL 1969303, at *3-8; United States v. Schultz, 17-CR-193S, 2020 WL 1872352, at *3-6 (W.D.N.Y. Apr. 15, 2020); see also United States

v. Montanez, 15-CR-122G, 2020 WL 2183093, at *2-11 (W.D.N.Y. May 5, 2020) (finding § 3582 (c)(1)(A)'s exhaustion requirement mandatory).

Here, Malecki submitted his request for compassionate release to the warden of FCI Elkton on April 20, 2020. (Memorandum of Law, Docket No. 35, p. 1.) The warden denied his request on May 1, 2020. (Id. at p. 12.) Thirty days having lapsed since April 20, 2020, this Court finds that Malecki has satisfied the statutory exhaustion requirement, and the government does not contend otherwise.

**2. Extraordinary and Compelling Reasons for Sentence Reduction**

Malecki has served approximately 37 months of his 60-month sentence. He is 52 years old and has multiple medical conditions, including Type II diabetes, hypothyroidism, high blood pressure, and obesity,[5] which he claims makes him highly susceptible to coronaviruses similar to COVID-19. Malecki concedes, however, that he tested positive for COVID-19 in May 2020 yet experienced no ill effects. (Memorandum of Law, Docket No. 35, p. 2; Reply Memorandum of Law, Docket No. 41, pp. 4, 12, 13.) Nonetheless, Malecki represents that "my main concern is whether the COVID-19 can mutate or if a different stronger strain can infect me again." (Reply Memorandum of Law, Docket No. 41, pp. 12-13.) Malecki suggests that, if released, he would first go to a halfway house until he finds a residence and employment.

The government has reviewed Malecki's medical records and agrees that Malecki suffers from Type II diabetes. (Memorandum of Law, Docket No. 40, p. 6.) Further, the government agrees that Malecki's condition, though listed as "resolved" in his medical records, substantially diminishes his ability to provide self-care in a prison environment

---

[5] Malecki has a body mass index of 41.

7

and is a condition from which he is not expected to recover, thus meeting the requirements for an "extraordinary and compelling reason" under U.S.S.G. § 1B1.13 comment n. 1 (A)(ii)(I). (Memorandum of Law, Docket No. 35, p. 11.) Malecki, however, has made no showing that his condition is not well controlled or that the Bureau of Prisons is unwilling or unable to adequately treat him. His diabetes alone is therefore not a basis for compassionate release.

As for the "Other Reasons" section of U.S.S.G. § 1B1.13 comment n. 1 (D), which provides for relief if there exist extraordinary and compelling reasons for sentence reduction other than (or in combination with) what is specifically prescribed, Malecki maintains that his medical conditions make him highly susceptible to a possible second strain of the coronavirus, particularly because he is housed in a "hotspot" facility (FCI Elkton) that has had difficulty containing COVID-19. See United States v. Resnick, 14 CR 810 (CM), 2020 WL 1651508, at *7 (S.D.N.Y. Apr. 2, 2020) (considering compassionate-release request based on a defendant's high susceptibility to COVID-19 under the "catch-all" provision of U.S.S.G. § 1B1.13 comment n. 1 (D)).

COVID-19, of course, is the sweeping, potentially deadly, worldwide pandemic that required the President of the United States to declare a national emergency on March 13, 2020. The Centers for Disease Control and Prevention ("CDC") has determined that individuals with certain underlying medical conditions, particularly if not well controlled, are at high risk for severe illness from COVID-19.[6] See Jones v. Wolf, No. 20-CV-361, 2020 WL 1643857, at *8 (W.D.N.Y. Apr. 2, 2020) (taking judicial notice that "for people of

---

[6] See https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last visited July 15, 2020).

8

advanced age, with underlying health problems, or both, COVID-19 causes severe medical conditions and has increased lethality") (quoting Basank v. Decker, 20 Civ. 2518, 2020 WL 1481503, at *3 (S.D.N.Y. Mar. 26, 2000)).  The identified medical conditions include Malecki's Type II diabetes[7] and obesity[8] (body mass index of 30 or above).

Malecki, however, has already had COVID-19, suffered no ill effects, and is recovered.  The risks and dangers associated with COVID-19 are therefore not grounds for relief.[9]  See United States v. Zubkov, No. 14-cr-773 (RA), 2020 WL 2520696, at *3 (S.D.N.Y. May 18, 2020) (denying compassionate release to fully recovered defendant); United States v. Weiskopf, 19-CR-6093G, 2020 WL 3248383, at *2 (W.D.N.Y. June 16, 2020) (denying compassionate release to defendant infected with COVID-19).

But Malecki nonetheless argues that his medical conditions make him highly susceptible to a possible mutation of the existing COVID-19 virus or to "a different, stronger strain."  In this form, Malecki's claim amounts to one premised on the general *possibility* of contracting a communicable disease, which this Court has found does not constitute an extraordinary or compelling reason for sentence reduction under the statutory scheme without a showing that the Bureau of Prisons will not or cannot guard against or treat such a disease.  See United States v. Stevens, 04-CR-222S, 2020 WL

---

[7] See https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html#diabetes (last visited July 15, 2020).

[8] See https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html#obesity (last visited July 15, 2020).

[9] Several courts have reasoned that, once a defendant has already contracted COVID-19, the issue becomes whether the defendant is being provided necessary and adequate medical treatment.  See United States v. Zubkov, No. 14-cr-773 (RA), 2020 WL 2520696, at *3 (S.D.N.Y. May 18, 2020); United States v. Russo, No. 16-CR-441 (LJL), 2020 WL 1862294, at *8 (S.D.N.Y. Apr. 14, 2020).  Since Malecki was asymptomatic and is now fully recovered, the medical treatment he received is not at issue.

2393306, at *6 (W.D.N.Y. May 12, 2020); Korn, 2020 WL 1808213, at *6; see also United States v. Davis, 12-Cr-712 (SHS), 2020 WL 3790562, at *3 (S.D.N.Y. July 7, 2020) (finding possibility of reinfection in defendant fully recovered from COVID-19 is not an extraordinary and compelling reason for a sentence reduction); United States v. Decker, No. 17-cr-738 (LAK), 2020 WL 3268706, at *2 (S.D.N.Y. June 17, 2020) (finding possibility of reinfection not grounds for compassionate release). In the end, Malecki's argument is purely speculative: there is no evidence of any pandemic involving any strain other than COVID-19. Cf. United States v. McBride, 17-CR-192G, 2020 WL 3496280, at *3 (W.D.N.Y. June 29, 2020) (finding "unsupported speculation" that defendant could be re-infected with COVID-19 does not warrant compassionate release).

While this Court recognizes that Malecki is housed at FCI Elkton, which has been a "hotspot" for COVID-19,[10] the conditions there alone do not "warrant the wholesale release of all its inmates," particularly in this case, where Malecki has already been infected with COVID-19 with no negative complications and the communicable disease he now fears does not appear to exist. United States v. McIndoo, 1:15-CR-142 EAW, 2020 WL 2201970, at *4 (W.D.N.Y. May 6, 2020).

Consequently, this Court finds that Malecki fails to demonstrate an extraordinary and compelling reason for a sentence reduction under U.S.S.G. § 1B1.13 comment n. 1 (D) based on COVID-19 or future strains thereof.

---

[10] Other federal district courts have also acknowledged the difficult conditions at FCI Elkton. See, e.g., United States v. Schultz, 17-CR-193S, 2020 WL 2764193, at *6 (W.D.N.Y. May 28, 2020) (discussing FCI Elkton); United States v. McIndoo, 1:15-CR-142 EAW, 2020 WL 2201970, at *4 (W.D.N.Y. May 6, 2020) (describing conditions at FCI Elkton as "dire"); Montanez, 2020 WL 2183093, at *1 (describing FCI Elkton as "particularly hard it by COVID-19"). In addition, the conditions at FCI Elkton are presently being litigated in a class action suit brought by inmates. See Wilson v. Williams, Case No. 4:20-cv-794, 2020 WL 1940882, at *2 (N.D. Ohio Apr. 22, 2020) vacated by No. 20-3447, 2020 WL 3056217 (6th Cir. June 9, 2020).

### 3. Consideration of the § 3553 (a) Factors

This Court further finds that consideration of the § 3553 (a) factors outweighs any extraordinary and compelling reasons for a sentence reduction that could be found to exist, and that a reduction would undermine Malecki's original sentence. See 18 U.S.C. § 3582 (c)(1)(A) (requiring consideration of the applicable § 3553 (a) factors); see also Ebbers, 2020 WL 91399, at *7.  The § 3553 (a) factors include, *inter alia*, the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public from future crimes by the defendant; and the need to avoid unwarranted sentencing disparities. See 18 U.S.C. § 3553 (a).

Malecki admitted to possessing more than 850 images of child pornography. (Plea Agreement, Docket No. 12, ¶ 7.) These images depicted sadistic and masochistic conduct and depictions of violence involving prepubescent minors or children younger than 12 years of age. (Id.) And Malecki admitted a history of using child pornography for sexual gratification and masturbation. (Presentence Report, Docket No. 27, ¶¶ 76-79.)

For this serious criminal conduct, this Court imposed a 60-month sentence, which was 18 months below the lowest end of the recommended guideline range. That is a fair, just, and reasonable sentence which, in this Court's view, would be severely undermined by a reduction to time served. Such a reduced sentence would not reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, or protect the public from future crimes by the defendant.

See 18 U.S.C. § 3553 (a). Such a reduction would also result in unwarranted sentencing disparities. Id. Accordingly, consideration of the § 3553 (a) factors outweighs any extraordinary and compelling reasons for a sentence reduction.

### 4. Consistency of a Reduction with U.S.S.G. § 1B1.13

Finally, this Court finds that a sentence reduction would not be consistent with U.S.S.G. § 1B1.13. See 18 U.S.C. § 3582 (c)(1)(A) (requiring that any sentence reduction be consistent with applicable policy statements issued by the Sentencing Commission); U.S.S.G. § 1B1.13 (2). This inquiry requires a determination as to whether the defendant poses a danger to the safety of any person or to the community if released.

Malecki went to great lengths to cloak is illegal conduct. He accessed the untraceable reaches of the Dark Web to actively engage with others who shared his interest in child pornography, thus proving his ability to operate largely undetected. (Presentence Report, Docket No. 27, ¶¶ 13-50.) This demonstrates a level of knowledge, sophistication, and deception that, in this Court's view, makes Malecki a continuing danger to the community if released at this time. A sentence reduction is therefore precluded on this basis as well. See United States v. Lebrecht, 1:16-CR-166 EAW, 2020 WL 2519721, at *3 (W.D.N.Y. May 18, 2020) (denying compassionate release to a child pornography defendant due, in part, to the danger the defendant poses to the community as demonstrated by his on-line chats and other underlying offense conduct).

## IV. CONCLUSION

For all of the reasons stated above, this Court finds that compassionate release and a sentence reduction under 18 U.S.C. § 3582 (c)(1)(A)(i) is not warranted. Malecki's motion will therefore be denied.

## V. ORDER

IT HEREBY IS ORDERED, that Malecki's Motion for Compassionate Release (Docket No. 35) is DENIED.

SO ORDERED.

Dated:     July 16, 2020
           Buffalo, New York

                                                    s/William M. Skretny
                                                  WILLIAM M. SKRETNY
                                                  United States District Judge