UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

      v.                                              **DECISION AND ORDER**
                                                      17-CR-18S

TROY M. MALECKI,

                        Defendant.

Presently before this Court is Defendant Troy M. Malecki's *pro se* motion for early release and for access to the internet. (Docket No. 43.) For the reasons discussed below, both requests are denied.

On February 1, 2017, Malecki pleaded guilty to possessing child pornography involving a prepubescent minor, in violation of 18 U.S.C. §§ 2252A (a)(5)(B) and 2252A (b)(2). (Docket Nos. 12, 13.) Several months later, on June 12, 2017, this Court sentenced Malecki to 60 months' imprisonment, 5 years' supervised release, a $100 special assessment, and no fine, fees or costs, which was a sentence below the recommended guideline range of 78-97 months' imprisonment. (Docket Nos. 30, 33.) Malecki is presently serving his sentence at Community Resources for Justice in Buffalo. (Docket No. 43.) He is scheduled to be released on September 13, 2021.[1]

---

[1] See https://www.bop.gov/inmateloc/ (last visited April 5, 2021).

1

Malecki first requests immediate release from custody so that he can be assigned a probation officer and begin his term of supervised release. In Malecki's view, this will better facilitate his rehabilitation and re-entry to society. There is, however, no basis to modify Malecki's sentence to time served, which is essentially his request. Malecki does not meet any of the requirements in 18 U.S.C. § 3582 (c) that would allow for modification of his term of imprisonment.[2] See United States v. Gotti, 433 F. Supp. 3d 613, 614 (S.D.N.Y. 2020) ("A court may not modify a term of imprisonment once it has been imposed except pursuant to statute.") This request is therefore denied.

Second, Malecki requests that this Court authorize him to have immediate access to the internet through an internet-connected device like a smartphone so that he can better search for housing and employment. Malecki concedes, however, that he is presently employed. (Docket No. 43.) In any event, this Court finds no cause to grant Malecki's request. Malecki's crime of conviction involved him using the internet to amass more than 850 images of child pornography, some depicting sadistic and masochistic conduct and depictions of violence involving prepubescent minors or children younger than 12 years of age. (Plea Agreement, Docket No. 12, ¶ 7.) And Malecki demonstrated particular acumen for concealing his on-line activity, accessing the Dark Web to engage with others who shared his interest in child pornography. (Presentence Report, Docket No. 27, ¶¶ 13-50.) Given this demonstrated level of sophistication using the internet, this Court finds no cause to disturb the restrictions currently in place. This request is therefore also denied.

---

[2] This Court notes that it denied Malecki's previous motion for sentence modification just nine months ago. (Docket No. 42.)

IT HEREBY IS ORDERED, that Malecki's Motion for Early Release and for Internet Access (Docket No. 43) is DENIED.

SO ORDERED.

Dated:      April 20, 2020
               Buffalo, New York

                                                               <u>s/William M. Skretny</u>
                                                               WILLIAM M. SKRETNY
                                                         United States District Judge